IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN RICHARDSON, on behalf of plaintiff and the class members described herein, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STELLAR RECOVERY, INC., | ) ) |
| Defendant. | ) ) |

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Marilyn Richardson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Stellar Recovery, Inc., ("Stellar"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

3. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

1

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

6. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

7. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does business within this District.

## PARTIES

8. Plaintiff, Marilyn Richardson, is a resident of this District.

9. Defendant Stellar Recovery, Inc., is a Florida corporation with its headquarters at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216. It does business in Illinois. Its registered agent and office is Business Filings Incorporated, 118 West Edwards Street, Suite 200, Springfield, Illinois 62704.

10. At all times herein relevant, Stellar was engaged in the primary business of collection of purportedly delinquent consumer accounts for third parties. It also purchases defaulted consumer debts.

11. Stellar uses the mails and telephone system in conducting its business.

12. At all times herein relevant, Stellar was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA, 15 U.S.C. §1692 et seq.

13. At all times herein relevant, Stellar was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation.

14. Stellar routinely attempts to collect debts and/or delinquent accounts in the Northern District of Illinois.

## FACTS

15. On or about September 9, 2015, defendant Stellar sent plaintiff the letter attached as <u>Exhibit A</u>, seeking to collect a debt incurred for personal, family or household purposes and not for business purposes.

16. <u>Exhibit A</u> states that there is a convenience and processing fee if paying by credit/debit card or by check over the telephone.

17. The Illinois Collection Agency Act, 225 ILCS 425/9(a)(29), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . ."

18. On information and belief, there is no agreement authorizing such a charge.

19. The convenience and processing fee therefore may never be charged under Illinois law.

## **CLASS ALLEGATIONS**

20. Plaintiff Marilyn Richardson brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

21. The class consists of (a) all individuals with Illinois addresses, (b) who were sent a letter by defendant referring to a convenience and processing fee if paying by credit card, debit card or telephone check, (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

22. On information and belief, the class is so numerous that joinder of all members is not practicable.

23. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.      Whether defendant's fee is prohibited by Illinois law;

      b.      Whether a letter representing that such fees may be charged violates the FDCPA.

24. Plaintiff claims are typical of the claims of the class members. All are based on the same factual and legal theories.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

26. A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

27. Plaintiff Marilyn Richardson incorporates paragraphs 1-22.

28. Stellar Recovery, Inc., violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) stating that there is a convenience and processing fee for paying by credit card, debit card or telephone check, (b) when no such fee may be charged in Illinois, (c) representing expressly or by implication that such fees could lawfully be charged, and (d) charging the fee.

29. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
>     **(A)    the character, amount, or legal status of any debt; or**

4

>  **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

30. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

   i. Statutory damages;

   ii. Actual damages in favor of all class members charged the fees;

   iii. Attorney's fees, litigation expenses and costs of suit;

   iv. Such other and further relief as the Court deems proper.

<br>

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

5

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                            s/Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                                s/Daniel A. Edelman
                                                                Daniel A. Edelman